IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:97-CR-00142-F-3
No. 5:16-CV-00361-F

| | |
|---|---|
| MARK A. WILLIAMS, ) | |
|                 Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|                 Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-655] Mark A. Williams' pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-635, -643, 647].[1] The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, the Government's Motion to Dismiss is ALLOWED and Williams' Motion to Vacate is DISMISSED.

## I. Factual and Procedural Background

On September 16, 1997, Williams and two codefendants were charged in a two-count indictment. *See* Indictment [DE-15]. Then, on November 5, 1998, Williams was charged in a superseding indictment. *See* Superseding Indictment [DE-88]. On March 4, 1999, Williams was charged in a five-count second superseding indictment. *See* Second Superseding Indictment [DE-167].

On June 20, 2000, Williams was charged in each count of a six-count third superseding indictment. *See* Third Superseding Indictment [DE-336]. In Count One, Williams was charged with continuing a criminal enterprise, in violation of 21 U.S.C. § 848. *See id.* Count Two

---

[1] Williams' first two attempts to initiate a claim for relief under 28 U.S.C. § 2255 were non-conforming documents [DE-635, -643]. On July 18, 2016, at the court's direction, Williams filed a "conforming" motion [DE-647].

charged Williams with conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base (crack), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). *See id.* In Count Three, Williams was charged with possession with intent to distribute approximately 2,300 grams of cocaine base (crack) and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See id.* Count Four charged Williams with using and carrying firearms during and in relation to a drug trafficking crime causing the death of a person by murder and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1), 18 U.S.C. § 924(j), and 18 U.S.C. § 2. *See id.* In Count Five, Williams was charged with causing the death of a person during and in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. *See id.* Count Six charged Williams with escape, in violation of 18 U.S.C. § 751(a). *See id.*

On April 10, 2001, Counts Four and Five of the Third Superseding Indictment were dismissed pursuant to a motion filed by the Government. At Williams' arraignment, held on July 25, 2001, he pled not guilty to Counts One, Two, Three, and Six of the Third Superseding Indictment. Following a five-day trial, the jury returned a verdict of guilty on all counts. *See* Jury Verdict [DE-503].

Williams' sentencing was held on November 19, 2001, and he was sentenced to life imprisonment on both Counts Two and Three, to run concurrently. *See* Judgment [DE-529]. Williams was also sentenced to five years' imprisonment on Count Six, to run concurrently with Counts Two and Three. *See id.*

On November 20, 2001, Williams filed a Notice of Appeal [DE-526]. In an unpublished per curiam opinion, the Fourth Circuit Court of Appeals affirmed Williams' convictions and sentence. *See* Unpublished Opinion [DE-537].

On December 22, 2003, Williams filed his first Motion to Vacate, Set Aside, or Correct

2

Sentence pursuant to 28 U.S.C. § 2255 [DE-542]. This court resolved the motion on the merits. *See* April 8, 2004 Order [DE-549].

On June 19, 2014, Williams filed a second motion pursuant to 28 U.S.C. § 2255 [DE-611]. The motion was dismissed without prejudice to Williams to seek pre-filing authorization from the Fourth Circuit Court of Appeals. *See* June 23, 2014 Order [DE-614].

On June 9, 2016, Williams filed the instant motion pursuant to 28 U.S.C. § 2255 [DE-635, -643, -647]. In his motion, Williams argues that he is entitled to relief in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and his attorney provided ineffective assistance of counsel. Mot. Vacate [DE-647] at 4-6.

On July 25, 2016, the Fourth Circuit Court of Appeals denied Williams' motion for authorization to file a second or successive § 2255 motion on the basis that he was not sentenced as either an armed career criminal or career offender, and he did not receive a sentencing enhancement based on a prior violent felony conviction. *See* July 25, 2016 Order [DE-650].

On October 7, 2016, the Government filed a Motion to Dismiss [DE-655]. The Government argues that Williams' § 2255 motion should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standards

### A. 28 U.S.C. § 2255

Williams has filed the instant motion pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

28 U.S.C. § 2255(a). With a § 2255 motion, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). When deciding a § 2255 motion, the court need not hold a hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). When conducting the § 2255(b) review, *pro se* filings are held to a less stringent standard. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

**B. Fed. R. Civ. P. 12(b)(1)[2]**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

### III. Discussion

As noted, Williams previously filed a § 2255 motion that was resolved on the merits. *See* April 8, 2004 Order [DE-549]. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall

---

[2] The Government has moved to dismiss purportedly pursuant to Federal Rule of Civil Procedure 12(b)(6), but its argument that Williams' motion is second or successive without the requisite authorization renders Federal Rule of Civil Procedure 12(b)(1) the appropriate standard. *See Pyne v. United States*, Nos. DKC-16-788, DKC-04-0018, 2016 WL 1377402, at *5 (D. Md. Apr. 7, 2016) (holding that the court lacks jurisdiction to consider a second or successive § 2255 motion without pre-filing authorization from the appropriate court of appeals).

4

move in the appropriate court of appeals for an order authorizing the district court to consider the application." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Thus, Williams must first obtain an order of authorization from the Fourth Circuit Court of Appeals before this court will consider any successive petition under 28 U.S.C. § 2255.[3]

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-655] is ALLOWED and Williams' Motion to Vacate [DE-635, -643, -647] is DISMISSED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, a petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 19 day of January, 2017.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[3] As noted, Williams filed a motion pursuant to 28 U.S.C. §§ 2244(b), 2255(h) for authorization to file a second or successive § 2255 motion based, in part, on *Johnson*. On July 25, 2016, the Fourth Circuit Court of Appeals denied Williams' motion for authorization. *See* July 25, 2016 Order [DE-650].

5